Jodi L. Mullis
Arizona Bar No. 024044
jlmullis@wshblaw.com
Taila K. Lewis
Arizona Bar No. 036689
tklewis@wshblaw.com
**WOOD, SMITH, HENNING & BERMAN LLP**
2525 E. Camelback Road, Suite 450
Phoenix, Arizona 85016-4210
Phone: 602-441-1300 ♦ Fax: 602-441-1350

Attorneys for Defendant Sig Sauer, Inc.

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA, PHOENIX

| | |
|---|---|
| Harvey Winingham, an individual,<br><br>Plaintiff,<br><br>v.<br><br>Sig Sauer, Inc., a foreign corporation<br><br>Defendant. | Case No. 2:22-cv-01037-JTT<br><br>**DEFENDANT SIG SAUER, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT** |

Defendant SIG SAUER, INC. ("SIG"), through its undersigned counsel, hereby files its Answer and Affirmative Defenses to Plaintiff's Complaint and respectfully submits as follows:

## GENERAL ALLEGATIONS[1]

1. SIG is without sufficient knowledge to either admit or deny the allegations contained in Paragraph 1 of Plaintiff's Complaint and demands strict proof thereof at trial.

2. SIG admits the allegations contained in Paragraph 2 of Plaintiff's Complaint.

3. SIG is without sufficient knowledge to either admit or deny the allegations contained in Paragraph 3 of Plaintiff's Complaint and demands strict proof thereof at trial.

---

[1] SIG is including the headings used in Plaintiff's Complaint for ease of reference. SIG expressly denies the truth of any allegations contained in such headings.

24900986.1:11024-0116

## JURISDICTIONAL STATEMENT

4. In response to Paragraph 4 of Plaintiff's Complaint, SIG repeats, reiterates, and realleges each and every response to Paragraph 1 through Paragraph 3 as though fully set forth herein.

5. SIG is without sufficient knowledge to either admit or deny the allegations contained in Paragraph 5 of Plaintiff's Complaint regarding where the events giving rise to this lawsuit occurred and demands strict proof thereof at trial. SIG admits that this Court has subject matter jurisdiction over this action after being removed from the Superior Court of the State of Arizona in and for the County of Maricopa.

## VENUE

6. SIG admits that venue is proper in this Court after this action was removed from the Superior Court of the State of Arizona in and for the County of Maricopa.

## FACTUAL ALLEGATIONS

7. SIG admits the allegations contained in Paragraph 7 of Plaintiff's Complaint.

8. SIG is without sufficient knowledge to either admit or deny the allegations contained in Paragraph 8 of Plaintiff's Complaint and demands strict proof thereof at trial.

9. SIG admits that it designs, manufactures, and sells P320 model pistols. However, SIG has not yet had an opportunity to inspect the pistol that is alleged to be at issue in this action and, therefore, SIG is without sufficient knowledge to either admit or deny the allegations contained in Paragraph 9 of Plaintiff's Complaint and demands strict proof thereof at trial.

10. The statement contained in Paragraph 10 of Plaintiff's Complaint is incomplete and not put into context. To the extent Plaintiff is making allegations in connection with the quoted language or the referenced documents, SIG denies such allegations, and SIG further responds that the entire statement speaks for itself. SIG further denies that the subject incident occurred without the trigger of the subject P320 being pulled and demands strict proof thereof at trial.

11. The statement contained in Paragraph 11 of Plaintiff's Complaint is incomplete and not put into context. To the extent Plaintiff is making allegations in connection with the quoted language or the referenced documents, SIG denies such allegations, and SIG further responds that the entire statement speaks for itself. SIG further denies that the subject incident occurred without the trigger of the subject P320 being pulled and demands strict proof thereof at trial.

12. SIG admits that the product manual for the P320 model pistols plainly warned as follows:



SIG denies that this statement is contradictory to other statements made by SIG regarding the P320 model pistol, and SIG denies any remaining allegations contained in Paragraph 12 of Plaintiff's Complaint and demands strict proof thereof at trial.

13. SIG denies the allegations contained in Paragraph 13 of Plaintiff's Complaint. SIG specifically denies that the P320 model pistol is capable of firing without the trigger being pulled.

14. SIG denies the allegations contained in Paragraph 14 of Plaintiff's Complaint. SIG specifically denies that the P320 model pistol is capable of firing without the trigger being pulled.

15. As to Paragraph 15, SIG admits that it has been made aware of prior incidents of unintended discharges of P320 model pistols, but SIG denies that any of those incidents

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
2525 E. CAMELBACK ROAD, SUITE 450
PHOENIX, ARIZONA 85016-4210
TELEPHONE 602-441-1300 ♦ FAX 602-441-1350

occurred without trigger actuation. SIG further responds that the P320 model pistol is incapable of firing without trigger actuation and there has been no showing that any prior incidents occurred without trigger actuation.

16. As to Paragraph 16, SIG admits that it announced an upgrade program in August of 2017 to enhance the performance and drop safety of the P320 model pistol. SIG denies the characterization of the voluntary upgrade program contained in Paragraph 16 of Plaintiff's Complaint. The quoted information contained in Paragraph 16 of Plaintiff's Complaint is incomplete and is not put into context. SIG published detailed information about the program and the reason for implementing the program on its website which remains accessible at: https://www.sigsauer.com/support/p320-voluntary-upgrade/.

17. SIG denies the allegations contained in Paragraph 17 of Plaintiff's Complaint. SIG published detailed information about the upgrade program which confirms that the purpose of the program was to enhance the drop safety and performance of the P320 model pistol. As described, the inclusion of a mechanical disconnector was unrelated to drop safety. Detailed information about the upgrade program, including the specific engineering changes made the and reasons for those changes, are available on SIG's website, at https://www.sigsauer.com/support/p320-voluntary-upgrade/.

18. SIG denies the allegations contained in Paragraph 18 of Plaintiff's Complaint. SIG further responds that the upgrade program was designed to enhance the drop safety of the P320 model pistol. SIG specifically denies any allegation in Paragraph 18 of Plaintiff's Complaint suggesting that pistols that were upgraded through the program or were manufactured after the implementation of the upgrade program have experienced drop fires. SIG further specifically denies any allegations suggesting the P320 model pistol is capable of firing without trigger actuation.

19. SIG is without sufficient knowledge to either admit or deny the allegations contained in Paragraph 19 of Plaintiff's Complaint and demands strict proof thereof at trial. SIG has not had an opportunity to inspect the pistol that is alleged to be at issue in this case and Plaintiff's Complaint does not provide a serial number for the pistol and, therefore, SIG

1 cannot determine any information about the subject pistol, including whether it contains the
2 upgraded design.

3     20.     SIG is without sufficient knowledge to either admit or deny the allegations
4 contained in Paragraph 20 of Plaintiff's Complaint and demands strict proof thereof at trial.
5 SIG has not had an opportunity to inspect the pistol that is alleged to be at issue in this case
6 and Plaintiff's Complaint does not provide a serial number for the pistol and, therefore, SIG
7 cannot determine any information about the subject pistol, including whether it contains the
8 upgraded design.

9     21.     SIG is without sufficient knowledge to either admit or deny the allegations
10 contained in Paragraph 21 of Plaintiff's Complaint and demands strict proof thereof at trial.
11 However, SIG denies that the subject P320 pistol could have discharged without trigger
12 actuation.

13     22.     SIG is without sufficient knowledge to either admit or deny the allegations
14 contained in Paragraph 22 of Plaintiff's Complaint and demands strict proof thereof at trial.

15     23.     SIG is without sufficient knowledge to either admit or deny the allegations
16 contained in Paragraph 23 of Plaintiff's Complaint and demands strict proof thereof at trial.

17     24.     SIG is without sufficient knowledge to either admit or deny the allegations
18 contained in Paragraph 24 of Plaintiff's Complaint and demands strict proof thereof at trial.

19     25.     SIG is without sufficient knowledge to either admit or deny the allegations
20 contained in Paragraph 25 of Plaintiff's Complaint and demands strict proof thereof at trial.

21     26.     SIG is without sufficient knowledge to either admit or deny the allegations
22 contained in Paragraph 26 of Plaintiff's Complaint and demands strict proof thereof at trial.

23     27.     SIG denies the allegations contained in Paragraph 27 of Plaintiff's Complaint
24 and respectfully refers all questions of law to this Honorable Court.

25 . . .
26 . ..
27 . . .
28 . . .

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
2525 E. CAMELBACK ROAD, SUITE 450
PHOENIX, ARIZONA 85016-4210
TELEPHONE 602-441-1300 ♦ FAX 602-441-1350

## COUNT I

### (Alleged Negligence)

28. In response to Paragraph 28 of Plaintiff's Complaint, SIG repeats, reiterates, and realleges each and every response to Paragraph 1 through Paragraph 27 as though fully set forth herein.

29. As to Paragraph 29, SIG admits that it owes certain duties to purchasers of its products, but SIG denies that it breached any such duty. SIG further denies that the P320 model pistol, including the subject P320 pistol, is defective in any way or is capable of firing without trigger actuation. Any remaining allegations contained in Paragraph 29 of Plaintiff's Complaint are conclusions of law to which no responsive pleading is required. To the extent a response is required, the allegations are denied, and SIG demands strict proof thereof at trial.

30. As to Paragraph 30, SIG admits that it owes certain duties to purchasers of its products, but SIG denies that it breached any such duty. SIG further denies that the P320 model pistol, including the subject P320 pistol, is defective in any way or is capable of firing without trigger actuation. Any remaining allegations contained in Paragraph 30 of Plaintiff's Complaint are conclusions of law to which no responsive pleading is required. To the extent a response is required, the allegations are denied, and SIG demands strict proof thereof at trial.

31. As to Paragraph 31, SIG admits that it owes certain duties to purchasers of its products, but SIG denies that it breached any such duty. SIG further denies that the P320 model pistol, including the subject P320 pistol, is defective in any way or is capable of firing without trigger actuation. Any remaining allegations contained in Paragraph 31 of Plaintiff's Complaint are conclusions of law to which no responsive pleading is required. To the extent a response is required, the allegations are denied, and SIG demands strict proof thereof at trial.

32. SIG denies the allegations contained in Paragraph 32 of Plaintiff's Complaint. SIG specifically denies that the P320 model pistol is defective in any way or is capable of

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
2525 E. CAMELBACK ROAD, SUITE 450
PHOENIX, ARIZONA 85016-4210
TELEPHONE 602-441-1300 ♦ FAX 602-441-1350

24900986.1:11024-0116

1 firing without trigger actuation. Any remaining allegations contained in Paragraph 32 of
2 Plaintiff's Complaint are conclusions of law to which no responsive pleading is required. To
3 the extent a response is required, the allegations are denied, and SIG demands strict proof
4 thereof at trial.

5 33. SIG denies the allegations contained in Paragraph 33 of Plaintiff's Complaint,
6 including the allegations contained in subparagraphs (a)-(i), and respectfully refers all
7 questions of law to this Honorable Court.

8 34. SIG denies the allegations contained in Paragraph 34 of Plaintiff's Complaint.
9 SIG specifically denies that the P320 model pistol is defective in any way or is capable of
10 firing without trigger actuation. Any remaining allegations contained in Paragraph 34 of
11 Plaintiff's Complaint are conclusions of law to which no responsive pleading is required. To
12 the extent a response is required, the allegations are denied, and SIG demands strict proof
13 thereof at trial.

14 35. SIG denies the allegations contained in Paragraph 35 of Plaintiff's Complaint.
15 SIG specifically denies that the P320 model pistol is defective in any way or is capable of
16 firing without trigger actuation. Any remaining allegations contained in Paragraph 35 of
17 Plaintiff's Complaint are conclusions of law to which no responsive pleading is required. To
18 the extent a response is required, the allegations are denied, and SIG demands strict proof
19 thereof at trial.

20 36. SIG denies the allegations contained in Paragraph 36 of Plaintiff's Complaint
21 and respectfully refers all questions of law to this Honorable Court.

22 37. SIG denies the allegations contained in Paragraph 37 of Plaintiff's Complaint
23 and respectfully refers all questions of law to this Honorable Court.

## COUNT II

### (Alleged Strict Liability)

26 38. In response to Paragraph 38 of Plaintiff's Complaint, SIG repeats, reiterates,
27 and realleges each and every response to Paragraph 1 through Paragraph 37 as though fully
28 set forth herein.

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
2525 E. CAMELBACK ROAD, SUITE 450
PHOENIX, ARIZONA 85016-4210
TELEPHONE 602-441-1300 ♦ FAX 602-441-1350

39. As to Paragraph 39, SIG admits that it designs, manufactures, and sells certain firearm models, including the P320 model pistol. SIG has not had an opportunity to inspect the pistol that is the subject of this action nor has Plaintiff provided a serial number for the subject pistol and, therefore, SIG cannot confirm any information regarding the subject pistol. SIG denies any remaining allegations contained in Paragraph 39 of Plaintiff's Complaint.

40. SIG denies the allegations contained in Paragraph 40 of Plaintiff's Complaint and respectfully refers all questions of law to this Honorable Court. SIG specifically denies that the P320 model pistol is defective in any way or is capable of firing without trigger actuation.

41. SIG denies the allegations contained in Paragraph 41 of Plaintiff's Complaint and respectfully refers all questions of law to this Honorable Court. SIG specifically denies that the P320 model pistol is defective in any way or is capable of firing without trigger actuation.

42. SIG denies the allegations contained in Paragraph 42 of Plaintiff's Complaint and respectfully refers all questions of law to this Honorable Court. SIG specifically denies that the P320 model pistol is defective in any way or is capable of firing without trigger actuation.

43. SIG denies the allegations contained in Paragraph 43 of Plaintiff's Complaint and respectfully refers all questions of law to this Honorable Court. SIG specifically denies that the P320 model pistol is defective in any way or is capable of firing without trigger actuation.

## COUNT III

**(Alleged Breach of Implied Warranty of Merchantability)**

44. In response to Paragraph 44 of Plaintiff's Complaint, SIG repeats, reiterates, and realleges each and every response to Paragraph 1 through Paragraph 43 as though fully set forth herein.

45. As to Paragraph 45, SIG admits that it designs, manufactures, and sells certain firearm models, including the P320 model pistol. SIG has not had an opportunity to inspect the pistol that is the subject of this action nor has Plaintiff provided a serial number for the subject pistol and, therefore, SIG cannot confirm any information regarding the subject pistol. SIG denies any remaining allegations contained in Paragraph 45 of Plaintiff's Complaint.

46. The allegations contained in Paragraph 46 of Plaintiff's Complaint are conclusions of law to which no responsive pleading is required. To the extent a response is required, the allegations are denied, and SIG demands strict proof thereof at trial.

47. SIG is without sufficient knowledge to either admit or deny the allegations contained in Paragraph 47 of Plaintiff's Complaint and demands strict proof thereof at trial. SIG respectfully refers all questions of law to this Honorable Court.

48. SIG denies the allegations contained in Paragraph 48 of Plaintiff's Complaint, including the allegations in subparagraphs (a)-(f), and respectfully refers all questions of law to this Honorable Court. SIG specifically denies that the P320 model pistol is defective in any way or is capable of firing without trigger actuation.

49. SIG denies the allegations contained in Paragraph 49 of Plaintiff's Complaint and respectfully refers all questions of law to this Honorable Court. SIG specifically denies that the P320 model pistol is defective in any way or is capable of firing without trigger actuation.

50. SIG denies the allegations contained in Paragraph 50 of Plaintiff's Complaint and respectfully refers all questions of law to this Honorable Court.

## COUNT IV

**(Alleged Breach of Warranty of Fitness for a Particular Purpose)**

51. In response to Paragraph 51 of Plaintiff's Complaint, SIG repeats, reiterates, and realleges each and every response to Paragraph 1 through Paragraph 50 as though fully set forth herein.

52. As to Paragraph 52, SIG admits that it designs, manufactures, and sells certain firearm models, including the P320 model pistol. SIG has not had an opportunity to inspect the pistol that is the subject of this action nor has Plaintiff provided a serial number for the subject pistol and, therefore, SIG cannot confirm any information regarding the subject pistol. SIG denies any remaining allegations contained in Paragraph 52 of Plaintiff's Complaint.

53. SIG denies the allegations contained in Paragraph 53 of Plaintiff's Complaint and respectfully refers all questions of law to this Honorable Court. SIG specifically denies the allegations to the extent they suggest that the subject P320 pistol discharged without trigger actuation.

54. The allegations contained in Paragraph 54 of Plaintiff's Complaint are conclusions of law to which no responsive pleading is required. To the extent a response is required, the allegations are denied, and SIG demands strict proof thereof at trial.

55. SIG denies the allegations contained in Paragraph 55 of Plaintiff's Complaint and respectfully refers all questions of law to this Honorable Court. SIG specifically denies the allegations to the extent they suggest that the subject P320 pistol discharged without trigger actuation.

56. SIG denies the allegations contained in Paragraph 56 of Plaintiff's Complaint, including the allegations contained in subparagraphs (a)-(f), and respectfully refers all questions of law to this Honorable Court. SIG specifically denies the allegations to the extent they suggest that the subject P320 pistol discharged without trigger actuation.

57. SIG denies the allegations contained in Paragraph 57 of Plaintiff's Complaint and respectfully refers all questions of law to this Honorable Court.

## COUNT V

### (Alleged Breach of Express Warranty)

58. In response to Paragraph 58 of Plaintiff's Complaint, SIG repeats, reiterates, and realleges each and every response to Paragraph 1 through Paragraph 57 as though fully set forth herein.

59. SIG denies that the statement referred to in Paragraph 59 of Plaintiff's Complaint constitutes an express warranty. Additionally, the statement contained in Paragraph 59 of Plaintiff's Complaint is incomplete and not put into context. To the extent Plaintiff is making allegations in connection with the quoted language or the referenced documents, SIG denies such allegations, and SIG further responds that the entire statement speaks for itself. SIG further denies that the subject incident occurred without the trigger of the subject P320 being pulled and demands strict proof thereof at trial. SIG denies any remaining allegations contained in Paragraph 59 of Plaintiff's Complaint and respectfully refers all questions of law to this Honorable Court.

60. SIG denies that the statement referred to in Paragraph 60 of Plaintiff's Complaint constitutes an express warranty. Additionally, the statement contained in Paragraph 60 of Plaintiff's Complaint is incomplete and not put into context. To the extent Plaintiff is making allegations in connection with the quoted language or the referenced documents, SIG denies such allegations, and SIG further responds that the entire statement speaks for itself. SIG further denies that the subject incident occurred without the trigger of the subject P320 being pulled and demands strict proof thereof at trial. SIG denies any remaining allegations contained in Paragraph 60 of Plaintiff's Complaint and respectfully refers all questions of law to this Honorable Court.

61. The allegations contained in Paragraph 61 of Plaintiff's Complaint are conclusions of law to which no responsive pleading is required. To the extent a response is required, the allegations are denied, and SIG demands strict proof thereof at trial.

62. SIG denies the allegations contained in Paragraph 62 of Plaintiff's Complaint and respectfully refers all questions of law to this Honorable Court. SIG specifically denies the allegations to the extent they suggest that the subject P320 pistol discharged without trigger actuation.

63. SIG denies the allegations contained in Paragraph 63 of Plaintiff's Complaint. SIG affirmatively alleges that Plaintiff's Complaint fails to set forth facts sufficient to constitute any viable causes of action against SIG.

**WHEREFORE**, Defendant SIG demands judgment in its favor and against Plaintiff, together with all costs and attorneys' fees.

## AFFIRMATIVE DEFENSES

1. SIG affirmatively denies each and every allegation of Plaintiff's Complaint not specifically admitted herein.

2. SIG affirmatively alleges it has no control over the maintenance, handling or use of its products after they leave SIG's possession. SIG further states that if there was any defect in the product at the time of the subject incident, such defect was the result of improper alteration, modification or use of the product by Plaintiff or some other party outside of SIG's control.

3. SIG affirmatively alleges that it has not breached any duty whatsoever to Plaintiff, and affirmatively alleges that SIG acted reasonably at the time of manufacture and design of the product. *Powers v. Taser Int'l, Inc.*, 217 Ariz. 398, 402, ¶ 17, 174 P.3d 777, 781 (App. 2007), as corrected (Jan. 4, 2008).

4. SIG affirmatively alleges that it provided proper and adequate warnings of particular risks that were known or knowable in light of the generally recognized and prevailing scientific knowledge available at the time of its distribution. *Powers v. Taser Int'l, Inc.,* 217 Ariz. 398, 401, ¶ 14, 174 P.3d 777, 780 (App. 2007), as corrected (Jan. 4, 2008).

5. SIG denies that Plaintiff is entitled to any recovery on any claim in the Complaint.

6. SIG affirmatively alleges that Plaintiff's Complaint fails to set forth facts sufficient to constitute any viable causes of action against SIG.

7. SIG alleges that Plaintiff failed to make reasonable efforts to mitigate/minimize the damages, if any, in whole or in part.

8. SIG affirmatively alleges that the product at issue, as designed and when operated and used properly, is not unreasonably dangerous, and further alleges that the product was not defective in any way.

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
2525 E. CAMELBACK ROAD, SUITE 450
PHOENIX, ARIZONA 85016-4210
TELEPHONE 602-441-1300 ♦ FAX 602-441-1350

9. SIG affirmatively alleges any recovery by Plaintiff must be reduced, in whole or in part, for any injuries or damages, if any, that were caused by Plaintiff's assumption of such risk and product misuse under the circumstances. *Jimenez v. Sears, Roebuck & Co.*, 183 Ariz. 399, 402, 904 P.2d 861, 864 (1995)

10. SIG affirmatively alleges, and without admitting that Plaintiff has suffered, or will suffer damages or injuries as a result of conduct alleged in the Complaint, that any damages or injuries which were or will be sustained by Plaintiff, were caused in whole or in part by the negligence and/or tortious acts, omissions and/or conduct of persons, parties, or entities other than SIG, including but not limited to Plaintiff himself. Any damages recoverable by Plaintiff must be diminished in proportion to the amount of fault attributed to said other persons, parties, or entities. *See* A.R.S. § 12-2506 and Rule 26(B)(5), *Arizona Rules of Civil Procedure*.

11. SIG affirmatively alleges that no damages asserted by Plaintiff were proximately caused by SIG, thereby reducing, or eliminating any recovery against SIG. As a separate and distinct affirmative defense, SIG is informed and believes, and thereon alleges, that none of the acts or omissions on its part actually and/or proximately caused or contributed in any manner to any losses or damages for which the Plaintiff seeks recovery.

12. SIG affirmatively alleges that Plaintiff's Complaint fails to set forth sufficient facts to give rise to exemplary, stigma, or punitive damages, to the extent any are currently or later alleged.

13. SIG affirmatively alleges that it acted with due care and in accordance with all statutory, code and regulatory requirements.

14. SIG affirmatively alleges all defenses as set forth in A.R.S. § 12-683, as applicable.

15. SIG affirmatively alleges all defenses as set forth in A.R.S. § 12-686.

16. SIG affirmatively alleges that Plaintiff's claims are barred or limited by the superseding or intervening negligence or other acts or omissions of other parties, third parties or non-parties over whom SIG had no control, and if SIG acted in any manner

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
2525 E. CAMELBACK ROAD, SUITE 450
PHOENIX, ARIZONA 85016-4210
TELEPHONE 602-441-1300 ♦ FAX 602-441-1350

24900986.1:11024-0116

1 negligently or wrongfully, which SIG expressly denies, the aforesaid negligence, other acts
2 or omissions of other parties, third parties or non-parties constitute an intervening and
3 superseding cause of all damages alleged in the Complaint.

4     17. SIG expressly denies that it is liable to Plaintiff for any personal injury or property damage or any other losses, damage, cost of repairs or incidental, punitive, special, consequential, or liquidated damages of any kind, whether based upon warranty, contract, strict liability, negligent or any other cause of action arising in connection with the sale of any product sold by SIG.

    18. SIG affirmatively alleges that some or all of Plaintiff's claims may be barred by the applicable statute of limitations.

    19. SIG affirmatively alleges Plaintiff is only entitled to recover reasonable expenses of necessary medical care, which are reasonably probable to be incurred in the future and are related to the incident.

    20. SIG affirmatively alleges Plaintiff was the sole proximate cause of the occurrence, and any injuries or damages to Plaintiff were caused by his own negligence.

    21. SIG affirmatively alleges Plaintiff assumed the risk of the injuries and damages claimed as a result of the events set forth in his Complaint, and his assumption of risk bars or reduces his recovery.

    22. SIG affirmatively alleges the subject firearm and all component parts complied with all applicable federal, state, and local codes, government and industry standards, regulations, specifications and statutes regarding the manufacture, sale and use of the firearm at all times pertinent to this action.

    23. SIG affirmatively alleges Plaintiff cannot recover herein against SIG because the design, manufacture, packaging, warnings, and labeling of the subject firearm was in conformity with the generally recognized state of the art, practice, custom, and knowledge at the time such product was designed, manufactured, packaged, and labeled.

. . .

. . .

24. SIG reserves the right to plead further affirmative defenses, including, but not limited to, those affirmative defenses set forth in Rules 8(c) and 12(b), *Arizona Rules of Civil Procedure,* as may be justified by the facts determined during discovery.

## **PRAYER FOR RELIEF**

**WHEREFORE,** having fully answered Plaintiff's Complaint, SIG, respectfully requests this Court to enter its Order:

A. Dismissing Plaintiff's Complaint with prejudice;

B. Awarding SIG its attorneys' fees and costs incurred in defending this action; and

C. Awarding SIG such other and further relief as this Court deems just and proper.

**JURY TRIAL DEMANDED.**

RESPECTFULLY SUBMITTED this 23rd day of June 2022.

WOOD, SMITH, HENNING & BERMAN LLP

By: _____
JODI L. MULLIS
TAILA K. LEWIS
*Attorneys for Defendant Sig Sauer, Inc.*

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
2525 E. CAMELBACK ROAD, SUITE 450
PHOENIX, ARIZONA 85016-4210
TELEPHONE 602-441-1300 ♦ FAX 602-441-1350

# CERTIFICATE OF SERVICE

I hereby certify that on the 23rd day of June 2022, the foregoing document entitled, **DEFENDANT SIG SAUER, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT** was e-filed and served via electronic service through the United States District Court for the District of Arizona's ECF System and upon attorney Douglas C. Erickson of Maynard Cronin Erickson & Curran, P.L.C. who is registered as an electronic case filing user with the Clerk.

By: */s/ Wendy L. Echols*